# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

JANE DOE                                                  :
     *Plaintiff*,                                        :
                                                         :
v.                                                       :    C.A. No. _____
                                                         :
TOWN OF SOUTH KINGSTOWN by and through :
Its Treasurer/Finance Director ZACHARY SAUL,  :
ROBERT C. ZARNETSKE and his successors        :
solely in their capacity as Town Manager of the      :
Town of South Kingstown; AIMEE REINER and   :
Her successors solely in their capacity as               :
Director of Administrative Services of the Town     :
of South Kingstown, and                                      :
JOHN DOE DEFENDANTS 1-5                             :
     *Defendants*.                                       :

## COMPLAINT AND JURY DEMAND

     NOW COMES the Plaintiff, Jane Doe by and through her undersigned counsel, and hereby complains against the Defendants in this civil action seeking monetary damages and reparation for the Defendants' unlawful and discriminatory employment practices as follows:

## PARTIES

1. Plaintiff, Jane Doe, is a natural individual and resident of the State of Rhode Island.

2. Defendant Town of South Kingstown, by and through its Treasurer/Finance Director Zachary Saul (sometimes, "defendant", "Town" or "defendant Town") is a municipal entity operating under the laws of the State of Rhode Island with its principal place of business situated in the County of Washington, State of Rhode Island.

3. Defendant Robert C. Zarnetske and his successors (sometimes, "defendant", Zarnetske" or "defendant Zarnetske"), at all times relevant hereto, served as the Town Manager of the Town of South Kingstown.

4. Defendant Amiee Reiner and her successors (sometimes, "defendant", "Reiner" or "defendant Reiner"), at all times relevant hereto, served as the Director of Administrative Services of the Town of South Kingstown.

5. Defendant John Doe Defendants 1 through 5 (collectively, the "John Doe Defendants") consist of those corporations, limited liability companies, partnerships, other legally recognized entities or individuals whose names and identities are presently unknown to plaintiffs who either themselves or though their agents, servants, or employees acted

intentionally, fraudulently, unlawfully, tortiously or negligently on behalf of or in conjunction with others respect to the matters complained of in this legal action and who otherwise caused plaintiff to suffer injuries and loss

## JURISDICTION AND VENUE

6.  Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

7.  Venue is proper pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

8.  The Town of South Kingstown Police Department ("SKPD") is a municipal agency under the direct supervision and control of the defendant Town.

9.  Jane Doe was hired by the SKPD in July 2018 as a civil dispatcher.

10. Jane Doe was 23 years old when she was first hired by SKPD.

11. Jane Doe initially worked as a part-time dispatcher, working two days per week on the third shift, which runs from 11:00 PM to 7:00 AM.

12. Jane Doe was later hired as a full-time dispatcher in February 2019.  She continued to work primarily third shift, five days per week.

13. Jane Doe remained employed by the SKPD as a civil dispatcher until July 2022, at which time she was forced to resign from her position due to a toxic, hostile, harassing, and discriminatory workplace environment.

14. Almost immediately after Jane Doe began working for the SKPD, she was subjected to sexual harassment and a hostile workplace.

15. At least as early as February 2019, Lt. Scott Orton, who was at all relevant times the third-shift supervisor, began acting inappropriately towards Jane Doe.

16. Upon information and belief, Lt. Orton was a male in his 50's at the time that he sexually harassed Jane Doe.

17. Lt. Orton inappropriately and in a harassing and hostile manner made sexual advances towards Jane Doe, including but not limited to commenting on her physical appearance, unwanted and inappropriate touching, and making unwanted and inappropriate sexual gestures towards Jane Doe.

18. Jane Doe initially did not report Lt. Orton's conduct out of fear of retaliation.

19. Lt. Orton's sexually harassing behavior became so extreme that Sgt. Michael Bronson, an employee of SKPD, felt compelled to intervene on behalf of Jane Doe.

20. Jane Doe additionally confronted Lt. Orton regarding his harassing behavior and reported the same to the SKPD.

21. As a result of Jane Doe confronting Lt. Orton, Lt Orton began to retaliate against Jane Doe and treat differently from other employees.

22. As a result of Jane Doe confronting Lt. Orton and Sgt. Bronson reporting Lt. Orton's harassing behavior, the SKPD initiated an internal affairs investigation.

23. The internal affairs investigation was wholly inadequate, as the investigators never questioned Jane Doe about Lt. Orton's sexual harassment.

24. While the internal affairs investigation was pending, Lt. Orton was placed on leave.

25. Upon conclusion of the internal affairs investigation, Lt. Orton was allowed to return to work and did not face any disciplinary consequences for his sexual harassment of Jane Doe.

26. Upon his return to work, Lt. Orton and other high-ranking members of the SKPD began to retaliate against Jane Doe and treated Jane Doe differently than other SKPD employees.

27. Examples of the way the disparate and retaliatory treatment towards Jane Doe include but are not limited to:

   a. Refusing to allow Jane Doe to switch to second shift, despite the fact that governing employment contract clearly allowed her the opportunity to move to second shift.

   b. Interfering with her contractual right to schedule days off in violation of SKPD's written protocols.

   c. Refusing to keep her allegations of sexual harassment confidential, including but not limited to releasing Jane Doe's name to the media and refusing to redact her name from publicly available police reports.

   d. Refusing to act on credible accusations of sexual harassment made towards Jane Doe by members of the community via misuse of the 911 system.

28. The above-mentioned harassing, discriminatory, and retaliatory behavior was ongoing and continued until such time as Jane Doe was forced into resigning her position with SKPD due to the toxic and hostile work environment that she was subjected to.

29. As a result of the harassing, discriminatory, and retaliatory conduct of high-ranking SKPD officials, including but not limited to Lt. Orton and Capt. Alfred Bucco, Jane Doe suffered significant and sever stress, anxiety, emotional distress, and panic attacks

30. As a result of the harassing, discriminatory, and retaliatory conduct of high-ranking SKPD officials, including but not limited to Lt. Orton and Capt. Alfred Bucco, Jane Doe was forced to resign from her position with the SKPD.

31. As a result of the harassing, discriminatory, and retaliatory conduct of high-ranking SKPD officials, including but not limited to Lt. Orton and Capt. Alfred Bucco, Jane Doe was forced to retain counsel and incur attorney's fees.

<u>COUNT I</u>
**Violation of the Rhode Island Whistleblower's Protection Act (R.I.G.L. § 28-50-1 *et seq.*)
Against All Defendants**

32. Plaintiff reincorporates and re-alleges all preceding paragraphs of her Complaint as if fully set forth herein.

33. Defendants, by their acts and/or omissions, including, but not limited to those described herein, violated the Rhode Island Whistleblowers' Protection Act insofar as the Defendants' discriminated against Plaintiff because she reported to her supervisors a violation of federal, state, or local law, causing Plaintiff to suffer damages and thereby deprived Plaintiff of rights secured under the Rhode Island Whistleblowers' Protection Act.

34. But for the Defendants' intent to retaliate against Plaintiff because of her conduct referenced in the preceding paragraphs, Defendants would not have retaliated against Plaintiff or subjected her to discriminatory terms and conditions of employment.

35. As a result of the Defendants' unlawful conduct, Plaintiff has suffered severe distress, with resulting physical and/or emotional injuries, humiliation, harm to her career, harm to her reputation, lost wages, lost opportunities for advancement, attorney's fees and other damages.

WHEREFORE, Plaintiff respectfully demands judgment in his favor against the Defendants and asks this Court to grant the following relief:

i.    A declaratory judgment that Defendants unlawfully discriminated against Plaintiff in violation of the Rhode Island Whistleblowers' Protection Act, R.I.G.L. §28-50-1, *et seq.*;

ii.   Enjoin and permanently restrain the Defendants from violating the Rhode Island Whistleblowers' Protection Act, R.I.G.L. §28-50-1, *et seq.*;

iii.  Award Plaintiff back pay, including incremental increases, pension benefits, and other benefits, plus pre-judgment interest thereon;

2611603.v1

      iv.     Award Plaintiff compensatory damages for future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

      v.     Award Plaintiff treble damages pursuant to R.I.G.L. § 28-50-4;

      vi.     Award Plaintiff punitive damages;

      vii.     Award Plaintiff reasonable attorney's fees and costs of litigation;

      viii.     Award Plaintiff prejudgment interest; and

      ix.     Award Plaintiff any other relief this Court deems appropriate and just.

### <u>COUNT II</u>
**Unlawful Discrimination – R.I.G.L. § 42-112-1, *et seq*. Against All Defendants**

36. Plaintiff reincorporates and re-alleges all preceding paragraphs of her Complaint as if fully set forth herein.

37. The Supreme Court of Rhode Island has stated that R.I.G.L. §42-112-1, *et seq.* provides broad protection against all forms of discrimination in all phases of employment.

38. By way of the above-described sexual harassment, retaliatory conduct, and violations of the Rhode Island Whistleblower's Act, the Defendants have denied Plaintiff equal benefit of all laws and have thus discriminated against her.

39. By way of the above-described sexual harassment, retaliatory conduct, and violations of the Rhode Island Whistleblower's Act, the Defendants have created a hostile work environment.

40. By way of the above-described sexual harassment, retaliatory conduct, and violations of the Rhode Island Whistleblower's Act, the Defendants have violated R.I.G.L § 42-112-1 *et seq*.

41. The Defendants' negligent and wrongful conduct directly and proximately caused Plaintiff to suffer severe distress, with resulting physical and/or emotional injuries, humiliation, harm to her career, harm to his reputation, lost wages, lost opportunities for advancement, attorney's fees and other damages.

     WHEREFORE, Plaintiff respectfully demands judgment in her favor against the Defendants and asks this Court to grant compensatory and exemplary damages, costs, reasonable attorney's fees, prejudgment interest, and such other relief that this Court deems appropriate and just.

## COUNT III
### Negligent Infliction of Emotional Distress Against All Defendants

42. Plaintiff reincorporates and re-alleges all preceding paragraphs of her Complaint as if fully set forth herein.

43. Lt. Orton sexually harassed Plaintiff.

44. Superiors at SKPD were made aware of Lt. Orton's harassing behavior yet did nothing to stop it.

45. After Lt. Orton's harassing behavior was reported, Lt. Orton and others at SKPD retaliated against Plaintiff.

46. The Town and other Defendants had a duty to protect Plaintiff from the actions of Lt. Orton, other superior officers, and other unknown members of the SKPD and to otherwise provide Plaintiff with a safe work environment.

47. The Town and other Defendants were aware or should have been aware of Lt. Orton's, other superior officers', and other unknown members of the SKPD's actions.

48. The Town and other Defendants did nothing to stop the continued harassment and/or discrimination of Plaintiff.

49. Instead, when matters were brought to their attention, the SKPD and the Town have continued to allow the harassment to endure to the detriment of Plaintiff.

50. As a direct and proximate cause of said negligent actions and omissions including but not limited to the Town and the other Defendant's refusal to intervene on Plaintiff's behalf, Plaintiff has suffered severe emotional distress with physical manifestations and has been damaged in an amount to be proven at trial.

WHEREFORE, Plaintiff respectfully requests that judgment enter against the Defendants with this Court awarding Plaintiff his compensatory damages, punitive damages, prejudgment and post judgment interest, litigation costs, reasonable attorney's fees and any other relief this Court deems appropriate and just.

## COUNT IV
### Violation of Title VII (42 USC § 2000e *et seq.*)

51. Plaintiff reincorporates and re-alleges all preceding paragraphs of her Complaint as if fully set forth herein.

52. The Defendants allowed the above-described sexual harassment to occur, thereby creating a hostile work environment that was sufficiently severe or pervasive so as to alter the conditions of Plaintiff's employment and create an abusive working environment.

53. The abusive working environment culminated in tangible employment actions, including bit not limited to wrongfully refusing to allow Plaintiff to work second shift and wrongfully interfering with Plaintiff's ability to schedule days off.  These violations make the Town strictly liable to Plaintiff.

54. The abusive working environment became so intolerable for Plaintiff that Plaintiff's resignation qualified as a fitting response, and a reasonable person would have felt compelled to resign.

55. The Defendants' wrongful conduct directly and proximately caused Plaintiff to suffer severe distress, with resulting physical and/or emotional injuries, humiliation, harm to her career, harm to his reputation, lost wages, lost opportunities for advancement, attorney's fees and other damages.

WHEREFORE, Plaintiff respectfully demands judgment in her favor against the Defendants and asks this Court to grant compensatory and exemplary damages, costs, reasonable attorney's fees, prejudgment interest, and such other relief that this Court deems appropriate and just.

### COUNT V
### Violation of Civil Rights – 42 USC § 1983 –
### Fourteenth Amendment Equal Protection

56. Plaintiff reincorporates and re-alleges all preceding paragraphs of her Complaint as if fully set forth herein.

57. Defendants, acting on the color of state law, by their individual and/or concerted acts and/or omissions, including but not limited to those described herein, have violated Plaintiff's rights for equal protection under the law, causing Plaintiff to suffer harm as aforesaid and have thereby deprived Plaintiff of her rights secured by the Fourteenth Amendment of the United States Constitution, actionable pursuant to 42 USC § 1983.

58. For all times relevant hereto, Defendants acted intentionally, willfully, maliciously, recklessly, and egregiously with deliberate indifference to Plaintiff's clearly established constitutionally protected rights.

WHEREFORE, Plaintiff respectfully requests that judgment enter against the Defendants with this Court awarding Plaintiff his compensatory damages, punitive damages, prejudgment and post judgment interest, litigation costs, reasonable attorney's fees and any other relief this Court deems appropriate and just.

2611603.v1

## DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury on all issues so triable.

>                                   Respectfully submitted,
>                                   Plaintiff,
>                                   By her attorney,
>
>                                   */s/ Judah H. Rome*_____
>                                   John A. Donovan III, #5707
>                                   Judah H. Rome, # 9711
>                                   SLOANE AND WALSH, LLP
>                                   652 George Washington Highway, Suite 302
>                                   Lincoln, RI 02865
>                                   401-495-6796
>                                   jdonovan@sloanewalsh.com
>                                   jrome@slaonewalsh.com

Dated:  December 15, 2022